UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NEW FALLS CORPORATION,

                    Plaintiff,

   -against-                                  **ORDER**

                                                    CV 18-2768 (ADS) (AKT)

OM P. SONI, ANJALI SONI, and SUDERSHAN
SETHI,

                    Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On May 9, 2018, Plaintiff New Falls Corporation ("Plaintiff") commenced this action against Defendants Om P. Soni, Anjali Soni, and Sudershan Sethi ("Sethi") (collectively, "Defendants") alleging that the Defendants improperly conveyed or assisted in the improper conveyance of certain real property to avoid repaying the balance of a debt allegedly owed by Defendant Om Soni to the Plaintiff. *See generally* Complaint ("Compl.") [DE 1]. This action is one of several filed by Plaintiff New Falls Corporation ("Plaintiff") which grows out of the same alleged factual nexus. *See New Falls Corporation v. Om P. Soni*, No. 16-CV-6805; *New Falls Corporation v. Soni Holdings, LLC*, No. 18-MC-1111, *New Falls Corporation v. Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632 MLK Blvd Jr LLC, Om P. Soni, Soni Capital Resources, LLC, Kanwal Kapur, Weanona Hugie, and Richard Spears*, No. 19-CV-0449. Each of these actions arises from the non-payment of a promissory note executed on May 14, 2007 by non-party Soni Holdings, LLC ("Soni Holdings") to Plaintiff's predecessor-in-interest, AmSouth Bank, for a business loan in the amount of $310,216.50 (the "Note"). *See generally* Compl. Defendant Om P. Soni ("Om Soni"), executed a Guaranty Agreement (the "Guaranty") contemporaneous with

the execution of the Note, through which he personally guaranteed the obligations under the Note. *Id.* ¶ 8. This action alleges that Defendant Om Soni improperly transferred certain real property to his wife, Defendant Anjali Soni, and Defendant Sethi, as Trustees of the Om. P. Soni Irrevocable Family Trust, in order to avoid paying the amount owed under the Note/Guaranty. *Id.* ¶ 12.

Presently before the Court is Plaintiff's letter motion to compel Defendant Anjali Soni to attend her deposition and to produce documents responsive to a request for production of documents, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and for sanctions against Defendant Anjali Soni's counsel, pursuant to 28 U.S.C. § 1927. *See* DE 30. In addition, counsel for Defendant Anjali Soni has filed a letter motion for a protective order under Rule 26(c) seeking to preclude the production of documents requested by Plaintiff. *See* DE 32.

The Court points out that this is Plaintiff's second letter motion to compel arising from Defendant Anjali's failure to respond to discovery in this action. *See* DE 27; DE 30. On February 6, 2019, Plaintiff served on Defendant Anjali Soni a deposition notice, pursuant to Fed. R. Civ. P. 30, and a request for production of documents, pursuant to Rule 34. *See* DE 30-2. Generally, Plaintiff's requests seek the following categories of documents: (1) properties owned by Defendant Anjali Soni; (2) trusts in which Defendant Anjali Soni has an interest; (3) Soni Holding's finances; (4) Defendant Anjali Soni's compensation and streams of revenue; (5) prior litigation involving Soni Holdings; and (6) the defenses raised in Defendant Anjali Soni's Answer. *See id.* Defendant Anjali Soni failed to provide any responses to Plaintiff's request for documents within the time period prescribed under Rule 34. Consequently, on April 9, 2019, Plaintiff filed its initial motion to compel Anjali Soni to appear for deposition and to produce documents. *See* DE 27.

2

The Court scheduled a discovery conference for April 25, 2019 to address Plaintiff's motion to compel, among other matters. *See* April 10, 2019 Electronic Order. On the eve of the conference, Defendant Anjali Soni filed her first motion for a protective order to preclude the production of documents requested by Plaintiff. *See* DE 28. Notwithstanding the belated motion, the Court addressed the motions pending before it at the April 25, 2019 hearing and made the following rulings:

> After hearing from Attorney Reynolds, the Court addressed the six-page motion for a protective order filed last evening [DE 28], which violates this Court's individual rules in its length and in its lack of Rule 37.3 compliance/certification. The Court explained that it could not absolve Defendants' counsel of the duty to respond to each of Plaintiff's discovery requests. The Court also explained that it cannot issue a blanket protective order. Additionally, Defendants' counsel relied upon the since-outdated Rule 26 standard in making his arguments. Defendants are required to provide whatever materials/documents/information they have and to state what they do not have. **If counsel are unable to pare the discovery requests down on their own, Defendants' counsel must move for relief pursuant to Local Rule 37.1. Any such motion must be filed within 21 days.** Plaintiff will have a week to respond to this. Accordingly, Defendants' motion is being denied, without prejudice.

*See* April 25, 2019 Civil Conference Minute Order ("CCMO") [DE 29] (emphasis added).

Defendant Anjali Soni failed to move for relief under Local Rule 37.1 within 21 days of the April 25, 2019 conference. Despite sending multiple reassurances to Plaintiff's counsel via email that "document request of 4/23 is . . . no problem" [DE 30-1], what Defendants' counsel delivered on May 16, 2019 was nothing more than a collection of boilerplate "responses" to each and every request made. Moreover, Defendants' counsel ignored the fact that any objections by that date had been waived based on the untimeliness of those obviously useless responses. Mrs. Soni generally provided one of the following two responses to each request:

> None; and Defendant objects to such demand on the grounds that she never did nor does she now maintain business and/or personal family related financial documents; or

3

>None; and Defendant objects to such demand on the grounds that she never did nor does she now maintain business and/or personal family related financial documents, and the demand is overbroad, cumulative, duplicative, and unduly burdensome.

*Id.*

On May 22, 2019, Plaintiff's counsel filed his second motion to compel, arguing chiefly that Defendant Anjali Soni waived any objections to the request for documents because they were untimely, and that the "boilerplate," "meritless," and "repeated" objections that Mrs. Soni does not "maintain" records "is completely deficient and asserted merely to obstruct and delay the lawful resolution of this matter." *See* DE 30.  Plaintiff contends that "[n]ot only does the said claim strain all credulity, it is obstructive and deficient because the Defendants are required to produce all records in their possession, custody and/or control." *Id*. at 2-3.

Plaintiff's counsel also seeks attorneys' fees in connection with its motion and requests that the Court "send a clear message to the Defendants and their counsel that this conduct is unacceptable." *Id*. at 3.  According to Plaintiff's counsel, he has apparently "begged on multiple occasions for the Court to deal with the Defendants' conduct, but to no avail" and blames the Court's prior rulings -- yet to be identified by counsel -- as the apparent reason that "Defendants and their counsel to continue their frivolous conduct."  *Id*.  According to counsel, Defendants' attorney has "bragged that the Court would ignore Plaintiff's plea for enforcement of the Demands, the Order of this Court and the Rules." *Id*.

On April 9, 2019, Defendant Anjali Soni filed her second motion for a protective order arguing that:  (1) Mrs. Soni "does not have any documents or information in her custody, possession, or control that Plaintiff is demanding" because she "does not currently and never has maintained any of the family, business, or other records which Plaintiff is seeking" and "the retrieval of the documents demanded is not within her control;" (2) the 21-day deadline imposed

4

by the Court's April 25, 2019 CCMO was complied with by providing a Rule 34 compliant response to the Notice; and (3) "Plaintiff's discovery requests have very little or nothing to do with the issues in this case." *See* DE 31 at 2-3.

Given what has become a pattern in this case, there are procedural deficiencies presented in the motions which on their own are sufficient to deny the motions. *First*, neither motion complies with Local Civil Rule 37.1, despite the Court's clear instruction as to how to file such motions under Local Rule 37.1 in the April 25, 2019 CCMO.

Local Civil Rule 37.1 states that

> Upon any motion or application involving discovery or disclosure requests or responses under FED. R. CIV. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

Local Civil Rule 37.1. *See also* Local Rule 5.1. Therefore, to comply with these Rules, the movant must first list verbatim the document request or interrogatory which was served on opposing counsel, followed then by opposing counsel's verbatim response to the particular request, and ultimately followed by the particularized objection(s) counsel is raising and the basis for the objection (*i.e.*, why the response is deficient, non-responsive, ambiguous, etc.). **<u>Counsel is expected to refer to relevant case law to support his/her position/objection as to the respective discovery demand</u>**. Compliance with Rule 37.1 is critical in ensuring that the Court does not waste judicial resources by having to parse through non-compliant filings. The Court points out that this is not the first occasion where counsel for both parties have filed motions without following the proper practices and procedures of the Federal Rules of Civil Procedure and/or the Local Rules in this and the related actions, notwithstanding directives from the Court.

5

*Second*, aside from Defendant Anjali Soni 's single citation to the scope of discovery permitted under Rule 26(b), as amended in 2015, neither party provided any legal authority in support of their positions or objections, or in support of a single contention made in their motion papers. A party seeking relief from the Court is expected to provide caselaw which supports the proposition that party is relying on to obtain the relief sought. It is disingenuous for any party to complain about its perceived failure to obtain relief from the Court when a party fails to undertake the requisite work to show entitlement to that relief.

*Third*, as it relates to Plaintiff's motion to compel, the Court finds that Defendant Anjali Soni's responses are glaringly non-responsive. Moreover, since no one has disputed the fact that Anjali Soni is the owner of Soni Holdings, the Court finds the responses are less than credible. As this Court has previously noted in this case,

> "[T]he vast majority of federal cases [ ] hold[ ] that Rule 34(a) of the Federal Rules of Civil Procedure, which allows document requests to be made as to 'items in the responding party's possession, custody, or control,' enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any *right or ability to influence* the person in whose possession the documents lie." *N. Mariana Islands v. Millard*, 287 F.R.D. 204, 209 (S.D.N.Y. 2012) (internal quotations omitted) (emphasis in original); *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.,* 171 F.R.D. 135, 146 (S.D.N.Y. 1997); *In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (" 'If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.' ") (quoting *Riddell Sports Inc. v. Brooks,* 158 F.R.D. 555, 558 (S.D.N.Y. 1994) ); *Annunziato v. Collecto, Inc.*, 304 F.R.D. 360, 363 (E.D.N.Y. 2015) (finding that where a non-party was an agent of a party, the principal-agent relationship established the necessary control such that party-principal had the "right, authority or practical ability to obtain [ ] documents from [the] non-party to the action"); *Gruss v. Zwirn*, 296 F.R.D. 224, 230 (S.D.N.Y. 2013) (finding that "control" of documents does not require legal ownership or physical possession).

*See* DE 48 at 9. The Court declines to accept Anjali Soni's responses that she knows nothing about the documents at issue, particularly in light of her ownership of the corporation.

Yet the Court will not blindly rubber stamp Plaintiff's requests for documents when a portion of the requests, on their face, appear to be irrelevant, overly broad, and duplicative of discovery already exchanged in the related actions. *See Lee v. W Architecture & Landscape Architecture, LLC,* No. 18-CV-05820, 2019 WL 8503358, at *2 (E.D.N.Y. Apr. 30, 2019) ("Rule [26(b)(2)] requires the Court to limit the extent of discovery where 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive' or 'the burden or expense of the proposed discovery outweighs its likely benefit.'") (citing FED. R. CIV. P. 26(b)(2)(C)). Plaintiff's counsel is reminded that "[u]nder Federal Rule of Civil Procedure 1, both parties are obliged to pursue discovery within the limits of Rule 26(b)(1) and in a manner designed to result in a speedy resolution with as minimal costs as possible." *99 Wall Dev. Inc. v. Allied World Specialty Ins. Co.,* No. 18-CV-0126, 2019 WL 2482356, at *2 (S.D.N.Y. June 14, 2019) (emphasis added).

Rule 26(b)(1), as amended in December 2015, provides that a party is entitled to discovery on any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Mamakos v. United Airlines, Inc.,* No. 14-CV-7294, 2018 WL 4861392, at *2 (E.D.N.Y. Sept. 28, 2018) (citations omitted). Plaintiff, as the party seeking discovery, bears the initial burden of proving the discovery is relevant. *See Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); *Mandell v. The Maxon Co., Inc.*, No. 06-CV-0460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party

7

seeking discovery bears the burden of initially showing relevance."); *Winfield v. City of New York*, No. 15-CV-5236, 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018) ("The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive."). Here, Plaintiff did not meet its burden of proving that all of the discovery sought is relevant. In fact, based on Plaintiff's motion, it seems that Plaintiff is under the mistaken impression that purportedly deficient responses automatically grant a party "carte blanche" to irrelevant discovery. It does not, and Plaintiff should be guided accordingly.

*Fourth*, as it relates to Plaintiff's request for sanctions against Defendant's counsel pursuant to 28 U.S.C. § 1927, any such relief must be made by way of a formal motion that which addresses the applicable legal standard for an award of sanctions under § 1927. Plaintiff's passing request for sanctions in a letter motion simply does not suffice.

*Fifth*, as it relates to Defendant Anjali Soni's second motion for a protective order, the motion is untimely pursuant to the Court's April 25, 2019 CCMO. After advising Defendant's counsel of the deficiencies in Defendant's first motion for a protective order at the April 25, 2019 conference, the Court denied Defendant Anjali Soni's motion without prejudice and instructed the parties to meet-and-confer regarding the number and scope of Plaintiff's requests. If counsel for the parties were unable to pare down the requests on their own, the Court expressly instructed that "Defendants' counsel must move for relief pursuant to Local Rule 37.1 … within 21 days." DE 29. Instead, Defendants' counsel came seeking relief 47 days after the Court's directive. Counsel for Mrs. Soni did not seek an extension of time within which to file its motion and completely failed to address the untimeliness of its motion – a pattern of conduct here.

8

In this regard, the Court points out that the importance of [a scheduling order] to a district court's effective control and management of a case, cannot be overstated." *Carl v. Edwards,* No. 16-CV-3863, 2017 WL 4271443, at *7 (E.D.N.Y. Sept. 25, 2017) (quoting *Kassim v. City of Schenectady,* 221 F.R.D. 363, 365 (N.D.N.Y. 2003); *see also Public Citizen v. Liggett Group*, 858 F. 2d 775, 790 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030, 109 S. Ct. 838, 102 L.Ed. 2d 970 (1989) ("[Scheduling] orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved."). Consequently, a court's scheduling order, issued in accordance with Rule 16, "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Kassim*, 221 F.R.D. at 365. To ensure that litigants give proper deference to a scheduling order, Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or attorney ... fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1); *see also Allen v. Dairy Farmers of Am., Inc.*, No. 09-CV-230, 2013 WL 211303, at *2 (D. Vt. Jan. 18, 2013) ("The Federal Rules of Civil Procedure allow a court to impose sanctions if a party "fails to obey a scheduling or other pretrial order.") (quoting FED. R. CIV. P. 16(f)(1)(C)); FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii) (setting forth sanctions that may be imposed for failure to comply with the court's scheduling order). Based on the fact that the Court has already provided Defendant Anjali Soni two attempts to seek a protective order (both of which suffer from similar procedural deficiencies), that the second motion for a protective order was untimely, and that no extension of time within which to file her motion was requested, the Court rejects her motion in its entirety

9

for failure to establish "good cause." *See* FED. R. CIV. P. 16(b)(4) (A scheduling order "may be modified only for good cause and with the judge's consent.").

For the foregoing reasons, Defendant Anjali Soni's cross-motion for a protective order [DE 32] is DENIED.  Plaintiff's motion [DE 32] to compel is GRANTED, in part, and DENIED in part.  In addressing what has been granted and denied in this ruling, the Court references DE 30-3, Plaintiff's Demand for the Production of Documents and Anjali Soni's Responses to those demands.  First, the Court will not require Anjali Soni to respond further to Plaintiff's Document Demand Nos. 1, 5, 7, 10, 11, 12, 13, 18, 19, 20, 21, 22 or 23.  However, the Court reminds counsel for Anjali Soni that as the owner of Soni Holdings, she has the obligation – to the extent she is claiming that she has "never maintained" business and /or personal family related financial documents – to produce documents which may be beyond her actual possession but over which she retains the right or ability to influence the person in whose possession the documents lie.  Consequently, Anjali Soni shall provide substantive responses to the following document demands as modified by the Court, even if it requires reaching out to other individuals involved with Soni Holdings:

- DD No. 2:  documents showing any real property in which Anjali Soni and/or Om Soni owned an interest and which is now owned by Anjali Soni or held in trust by or for Anjali Soni;

- DD No. 3:  any document showing the sale or transfer of any real property between 2006 and the present in which Anjali Soni had any interest;

- DD No. 4:  any real property tax documents in which Anjali Soni's name appears as payee or trustee;

- DD No. 6:  any documents showing Anjali Soni as a trustee, grantor, settler or beneficiary of the Om P. Soni Irrevocable Family Trust, including any amendments to the same;

- DD No. 8:  any documents showing compensation, remuneration or the equivalent paid out from the Om P. Soni Irrevocable Family Trust between 2006 and the present;

10

- DD No. 9: any documents showing compensation, remuneration or the equivalent paid out from Soni Holdings LLC during the period 2006 to the present;

- DD No. 14: documents showing the formation/incorporation of Soni Holdings LLC; the annual financial reports of Soni Holdings LLC from 2006'

- DD No. 15: any document showing that Anjali Soni and/or Om Soni held an office or position with Soni Holdings LLC since 2006;

- DD No. 16: documents showing any compensation, remuneration or payment made by Om Soni to Anjali Soni for any work done or services provided by or on behalf of Soni Holdings LLC since 2006;

- DD No. 17: any documents showing payment or compensation to Anjali Soni by Om Soni for the conveyance of any interest in Soni Holdings LLC or to any trust in which Anjali Soni has or had an interest.

Substantive responses shall be produced and served upon Plaintiff's counsel no later than July 8, 2020. This date will not be extended. Defendants' counsel is hereby on notice that for each day after July 8, 2020 that the responses/documents are not produced, the Court will impose a $250 per day sanction for each day the responses remain delinquent, beginning July 9, 2020. Any sanction imposed shall be borne equally (50/50) between Defendants and Defendants' counsel.

To the extent Defendant Anjali Soni and Defendants' counsel assert that they have reached out to necessary agents and entities and have still been unable to obtain all the documents, then Defendant Anjali Soni shall provide to the Court by July 9, 2020 an affidavit which details the following: (1) the specific steps undertaken to collect the documents the Court has directed Anjali Soni to produce; (2) the specific individuals and entities to whom Anjali Soni and/or her counsel reached out to obtain the necessary responsive documents; (3) the specific dates when each of these contacts was made by Anjali Soni and/or her counsel; (4) the specific results obtained as a result of the contact, delineated by each individual and entity with whom Anjali Soni and/or her counsel communicated; and (5) to the extent there are any documents which Anjali Soni and/or her counsel were unable to obtain, a statement of the specific

11

knowledge or understanding Anjali Soni has of the individual or entity who is in possession of such document.

To the extent Defendant Anjali Soni's deposition has not yet been completed, the Court is setting a deadline of August 31, 2020 for that purpose, having taken into account the complications raised by the COVID-19 pandemic. The Court does not intend to extend this date.

The parties are directed to file a joint report on the status of discovery in this action, including the specific discovery which remains to be completed, if any. The report is to be filed on ECF by July 9, 2020.

**Going forward, the parties are precluded from filing any further motions in this case without the advance permission of this Court**. To the extent that counsel contend that a motion is necessary and required, counsel must make a good faith effort to resolve the dispute without resort to motion practice and, only if they are unsuccessful, may jointly contact Chambers to set up a telephone conference to the discuss the discovery dispute. Any violation of this Order will result in further action by the Court, up to and including the imposition of sanctions. This directive does not apply to any motions which come within the jurisdiction of the District Judge assigned to this case.

**SO ORDERED.**

Dated: Central Islip, New York
      May 29, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge