UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW FALLS CORPORATON,

                          Plaintiff,                    **MEMORANDUM & ORDER**
                                                                                  2:18-cv-2768 (SJF) (AKT)

      -against-

OM P. SONI, ANJALI SONI, and
SUDERSHAN SETHI,

                         Defendants.
------------------------------------------------------------X

FILED
CLERK
4:25 pm, Mar 08, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**FEUERSTEIN, District Judge**:

      Plaintiff New Falls Corporation (the "Plaintiff") commenced an action against defendants Om P. Soni, Anjali Soni, and Sudershan Sethi ("Sethi") (collectively, the "Defendants"), alleging fraudulent conveyance of real property in order to avoid the payment of a promissory note. This action is one in a series of actions filed by Plaintiff which grow out of the same alleged factual nexus: *See New Falls Corporation v. Om P. Soni*, No. 16-CV-6805; *New Falls Corporation v. Soni Holdings, LLC*, No. 18-MC-1111, *New Falls Corporation v. Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632 MLK Blvd Jr LLC, Om P. Soni, Soni Capital Resources, LLC, Kanwal Kapur, Weanona Hugie, and Richard Spears*, No. 19-CV-0449.[1]  In this action, Plaintiff alleges that Om P. Soni improperly transferred real property to Anjali Soni (his wife) and Sethi, both of whom are Trustees of the Om P. Soni Irrevocable Family Trust.

      Plaintiff filed a motion, *inter alia*, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 37 to compel Anjali Soni to attend a deposition and produce documents responsive to a prior request for production of documents, and for sanctions against Anjali Soni's counsel

---

[1] This case has appeared before multiple judges in this district.  It was reassigned to the undersigned on July 22, 2020.

1

pursuant to 28 U.S.C. § 1927. In response, Anjali Soni cross-moved for a protective order under FED. R. CIV. P. 26(c), seeking to preclude the production of the documents Plaintiff requested.

On May 29, 2019, United States Magistrate Judge A. Kathleen Tomlinson issued an order, *inter alia*, that granted in part and denied in part the motion to compel, denied in its entirety the motion for sanctions, and denied in its entirety the cross-motion for a protective order. Plaintiff moves under FED. R. CIV. P. 72(a) for review and modification of so much of Judge Tomlinson's order as finds that Anjali Soni does not have to respond to five document demands. ECF 34. For the reasons that follow, the Court denies the Rule 72(a) motion in its entirety.

## I. BACKGROUND

### A. Initial Proceedings

Plaintiff sued the Defendants in May 2018, ECF 1, alleging that: (1) in May 2007, the company Soni Holdings executed and delivered to AmSouth Bank, Plaintiff's predecessor in interest, a promissory note for a business loan (the "Note") in the sum of $301,216.50 and a guaranty agreement (the "Guaranty"); (2) the Note was assigned and transferred to Plaintiff by allonge in September 2015, making Plaintiff the current owner and holder of the Note and the Guaranty; (3) Om P. Soni defaulted under the terms of the Note and the Guaranty by failing to pay principal and interest when due; and (4) in December 2012, Om P. Soni transferred by deed all of his right, title, and interest in and to the real property located at 10 Bel Air Court, Oyster Bay, New York 11771 (the "Oyster Bay Property") to his wife, Anjali Soni, and Sethi, as Trustees of the Om P. Soni Irrevocable Family Trust. *Id.* at 2–3. Plaintiff further alleges, *inter alia*, that the transfer of the Oyster Bay Property occurred without consideration, and that the transfer prevented Plaintiff from recovering the debt owed by Om P. Soni on the Note and the

2

Guaranty in the principal amount of $204,559.72, together with interest from April 15, 2014. *Id.* at 3.

The complaint states five (5) causes of action: (1) that Defendants executed the transfer of the Oyster Bay Property with the actual intent to defraud, hinder or delay creditors, in violation of New York Debtor and Creditor Law ("DCL") § 276; (2) that Defendants violated DCL § 273, in that the fraudulent transfer was made without adequate consideration and during a time in which Om P. Soni was insolvent; (3) that Defendants tortiously interfered with the collectability of the debt; (4) that the conveyance of the Oyster Bay Property had no legal justification; and (5) that Plaintiff is entitled to attorneys' fees under DCL § 276-a. Plaintiff seeks damages in the amount of the $204,559.72 debt, together with interest from April 15, 2014; to vacate, void, and set aside the transfer and conveyance of the Oyster Bay Property; and attorneys' fees, expenses and costs.

Defendants answered the complaint, ECF 8, and raised four affirmative defenses: (1) statute of limitations; (2) failure to state a valid cause of action; (3) that Om P. Soni did not give a guaranty on a note to the Plaintiff at any time, and any signature on the Guaranty is fraudulent and a forgery; and (4) that Plaintiff was not a holder in the due course of the alleged Note and Guaranty. *Id.* at 1–2.

### B. Discovery Disputes and The Pending Motion

In April 2019, Plaintiff filed a motion to compel Anjali Soni to produce documents in response to an earlier-filed demand for documents, to have Anjali Soni comply with an earlier-filed notice for deposition, and to schedule a discovery conference. ECF 27. In response, Defendants moved under Rule 26(c) for a protective order. ECF 28. During an April 25, 2019 conference, Judge Tomlinson (1) denied the motion for a protective order, without prejudice, and

(2) ordered Defendants to move within twenty-one (21) days for relief pursuant to Local Civil Rule 37.1 if counsel were "unable to pare the discovery requests down on their own." *Id.*

Plaintiff again moved to compel Anjali Soni to produce documents and comply with the notice for deposition on May 22, 2019, more than twenty-one (21) days later. ECF 30. It also asked for sanctions for counsel's failure to comply with the April 2019 order. *Id.* Plaintiff attached to the motion its notice for deposition of Anjali Soni and its demand for documents, which contained 23 separate document demand entries, ECF 30-2, arguing that not only did Defendants fail to produce any documents, they failed to timely raise any objections and even agreed to produce documents. *Id.* Anjali Soni again cross-moved for a protective order. ECF 31.

By order dated May 29, 2020, Judge Tomlinson granted in part Plaintiff's motion to compel in part, and denied it in part, ECF 33, ruling, *inter alia*, that Anjali Soni did not need to respond further to the following document demand numbers: 1, 5, 7, 10, 11, 12, 13, 18, 19, 20, 21, 22, and 23, but must provide substantive responses to the remaining document demands by no later than July 8, 2020 or be subject to sanctions. *Id.* Judge Tomlinson also denied Plaintiff's sanctions motion in its entirety and denied Defendants' cross-motion for a protective order in its entirety. *Id.* Plaintiff now moves for Rule 72(a) review of Judge Tomlinson's order with regard to the partial denial of the motion to compel.

II.   **DISCUSSION**

   **A. A District Court's Review Under Rule 72(a)**

Under Rule 72(a) of the Federal Rules of Civil Procedure, when reviewing a nondispositive ruling of a magistrate judge, a district court shall "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or contrary to law." Rule 72(a) provides for

4

"a highly deferential standard of review." *Wynder v. McMahon*, No, 99-CV-772, 2008 WL 111184, at *1 (E.D.N.Y. Jan. 9, 2008) (internal quotation marks omitted); *see Ungar v. City of New* York, 329 F.R.D. 8, 11 (E.D.N.Y. 2018) (explaining that this deferential standard of review affords magistrate judges broad discretion in resolving discovery disputes). The Rule "'imposes a heavy burden on the objecting party,' and 'only permits reversal where the magistrate judge abused [his or her] discretion.'" *Cadet v. Miller*, No. 05-CV-5042 (DRH) (WDW), 2007 WL 4324102, at *1 (E.D.N.Y. Dec. 7, 2007) (quoting *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002), *aff'd*, 45 F. App'x 59 (2d Cir. Sept. 6, 2002)).

The clearly erroneous standard of review dictates that a court should not reject a magistrate judge's findings solely on the basis that the reviewing court would have decided the matter differently. *Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc.*, No. 09-CV-1410 (KAM) (RLM), 2013 WL 1334271, at *5 (E.D.N.Y. Mar. 28, 2013) (citing *Nielsen v. N.Y.C. Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007)). Instead, "the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112 (RRM) (JO), 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008) (internal quotation marks omitted). A magistrate judge's "order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *E.E.O.C. v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (internal quotation marks omitted).

5

### B. Application to the Facts of This Case

Plaintiff argues that Judge Tomlinson clearly erred in her decision not to require Anjali Soni to respond to Document Demands 18, 19, 20, 21 and 22, ECF 34-1 at 4, which seek the following discovery:

18. All documents and things that in any way support Defendant's first affirmative defense regarding statute of limitations.

19. All documents and things that in any way support Defendant's second affirmative defense regarding an alleged failure to state a valid cause of action.

20. All documents and things that in any way support Defendant's third affirmative defense regarding the allegation that Defendant Om P. Soni supposedly did not give a Guaranty on a Note to Plaintiff and/or Plaintiff's predecessor at any time.

21. All documents and things that in any way support Defendant's fourth affirmative defense alleging that Plaintiff is not a holder in due course.

22. All documents and things which Defendant intends to introduce in evidence or present to the Court at any stage of this action.

*Id.* at 6.

Plaintiff contends, *inter alia*, that FED. R. CIV. P. 26(b)(1) entitles parties to discovery of documents in their possession, custody or control so long as they are relevant to a party's claim or defense. ECF 34-14 at 3. This includes an ongoing obligation by Defendants to turn over all documents they may use to support their defenses pursuant to FED. R. CIV. P. 26(a). *Id.* at 4-5. Plaintiff argues that the five (5) document demands at issue are relevant to the action in that they pertain directly to Defendants' affirmative defenses, *id.* at 4, 7; and that Judge Tomlinson did not offer a basis for her ruling that Anjali Soni did not need to respond to, *inter alia*, the five (5) above-listed document demands. *Id.* at 7–8.

6

In her order, Judge Tomlinson ruled, in relevant part, that "the Court will not blindly rubber stamp Plaintiff's requests for documents when a portion of the requests, on their face, appear to be irrelevant, overly broad, and duplicative of discovery already exchanged in the related actions," ECF 33 at 7; and reminded Plaintiff's counsel of the obligation of both parties "to pursue discovery within the limits of Rule 26(b)(1) and in a manner designed to result in a speedy resolution with as minimal costs as possible." *Id.* Judge Tomlinson found that Plaintiff did not meet its burden of showing that all the evidence sought is relevant, and that Plaintiff appears to be "under the mistaken impression that purportedly deficient responses automatically grant a party 'carte blanche' to irrelevant discovery." *Id.* at 8 (internal quotation marks omitted). Additionally, Judge Tomlinson found, *inter alia*, that Plaintiff failed to provide any legal authority in support of its position, "or in support of a single contention made in [its] motion papers." *Id.* at 6.

Upon consideration of Plaintiff's objections, and reconsideration of Judge Tomlinson's order, and the motions and evidence before her, it is not clear either "that a mistake has been committed," *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013), *aff'd*, 705 F. App'x 10 (2d Cir. Aug. 22, 2017) (summary order); or that Judge Tomlinson failed to apply or misapplied any relevant statute or case law, or otherwise abused her discretion. Under Rule 26(b), courts may deny motions to compel because they are overbroad, vague, or duplicative. *Allstate Ins. Co. v. A & F Med. P.C.*, No. 14-CV-6756 (JBW), 2016 WL 7116067, at *3 (E.D.N.Y. Dec. 6, 2016); *Burgie v. Euro Brokers, Inc.*, No. 05-CV-968 (CPS) (KAM), 2008 WL 11426878, at *3 (E.D.N.Y. Jan. 18, 2008) (collecting cases). Further supporting this finding is Judge Tomlinson's well-reasoned balancing of the discovery demands in light of Plaintiff's lack of authority in support of its request, Defendants' concurrent

lack of a response, and the effects of the motion on the proceedings. *See Walker v. City of New York*, No. 14-CV-680 (WFK) (PK), 2018 WL 1686102, at *4 (E.D.N.Y. Mar. 30, 2018) ("Given Judge Kuo's reasoned balancing of the potential benefit against the burden posed by the requested discovery, the Court finds that Judge Kuo's ruling on this request was not 'clearly erroneous.'").

The Court also notes that Plaintiff dedicated much of his Rule 72(a) motion to arguing that Judge Tomlinson violated Rule 26(c) in effectively granting Anjali Soni a protective order. The Court does not find this argument to have any effect on its holding. Judge Tomlinson expressly denied the motion for a protective order in its entirety, and denied, in part, the motion to compel on separate grounds which, as noted above, the Court finds neither clearly erroneous nor contrary to law. *See* ECF 33 at 8–10.

As Plaintiff has not met its "heavy burden of showing that the ruling was 'clearly erroneous or contrary to law,'" *H.L. Hayden Co. of New York Inc. v. Siemens Med. Sys., Inc.*, 106 F.R.D. 551, 553 (S.D.N.Y. 1985), its motion for review of Judge Tomlinson's May 29, 2020 order pursuant to FED. R. CIV. P. 72(a) is denied in its entirety.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 72(a) motion is denied in its entirety.

**SO ORDERED.**

                                                    /s/
                                     Sandra J. Feuerstein
                                     United States District Judge

Dated: March 8, 2021
       Central Islip, New York