UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW FALLS CORPORATION,

               Plaintiff,

v.

OM P. SONI, ANJALI SONI, and
SUDERSHAN SETHI,

               Defendants.

**MEMORANDUM & ORDER**
18-CV-02768 (HG) (LGD)

**HECTOR GONZALEZ**, United States District Judge:

      This order resolves Plaintiff's pending motion for sanctions. *See* ECF No. 57. The Court assumes familiarity with its prior orders addressing this motion, which describe the facts and procedural history of this case in greater detail. *See* ECF Nos. 83 & 85. For the reasons set forth below, the Court denies Plaintiff's request to strike Defendants' answer and to enter a default judgment or to impose any other form of sanctions directly on Defendants or their current counsel. Instead, the Court sanctions Defendants' former attorney, Kenneth A. Reynolds, for his failure adequately to advise his clients of their discovery obligations when he served as their counsel, thereby leading to significant delays in the progress of this case. Mr. Reynolds shall pay $1,000 to the Clerk of Court no later than January 31, 2023.

## PROCEDURAL HISTORY

      As explained in the Court's prior orders, when Magistrate Judge Tomlinson presided over the discovery proceedings in this case, she ordered Defendants to provide certain discovery by July 8, 2020. ECF No. 33 at 11. She warned that she would impose a sanction of $250 per day for each day thereafter that Defendants failed to comply and that the sanction would "be borne equally (50/50) between Defendants and Defendants' counsel." *Id.* After that deadline had

already passed, Defendants' former counsel withdrew from representing them. *See* ECF Nos. 40, 49, 50, 67. Defendants did not begin attempting to comply with Judge Tomlinson's discovery order until nearly 1.5 years after the deadline she set—attempting first to do so while acting *pro se* and again later after hiring new counsel. *See* ECF Nos. 66 & 77-6.

One of the Defendants, Om Soni, has submitted a sworn affidavit asserting that Defendants never learned about Plaintiff's discovery requests or Judge Tomlinson's order until shortly before they began their belated attempts to comply. ECF No. 77 ¶¶ 14–15. Mr. Soni's claims are consistent with a statement made on the record by his former counsel, Mr. Reynolds, during an appearance before Judge Tomlinson, in which Mr. Reynolds admitted that he had not been conferring with his clients about Plaintiff's discovery requests. *See* ECF No. 42 at 3–4. The Court's prior order describes in greater detail other apparent breakdowns in communication between Defendants' former counsel and Defendants. *See* ECF No. 83 at 4–5.

The Court has twice given Mr. Reynolds an opportunity to submit a declaration either disputing Mr. Soni's assertion or clarifying his former statements to Judge Tomlinson. The Court first directed Mr. Reynolds to do so by November 22, 2022, and later unilaterally extended that deadline until December 7, 2022. ECF Nos. 83 & 85. The Court's staff personally sent these orders via email to the email address that Mr. Reynolds has placed on file with the New York State Unified Court System and directed Defendants' current counsel to send copies via overnight delivery. More than a month has passed since Mr. Reynolds's deadline to submit a response, and the Court has not received any submission from him.

## LEGAL STANDARD

Plaintiff seeks a default judgment and an award of monetary penalties in its favor as forms of discovery sanctions under Rule 37. ECF No. 57. The Second Circuit has directed

2

courts to consider the following factors when deciding to impose discovery sanctions under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (alteration in original). The Court may sanction Defendants even though they have belatedly attempted to comply with their discovery obligations. *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 631 (2d Cir. 2018). A contrary rule prohibiting sanctions following belated compliance "would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall." *Id.*

## DISCUSSION

The Court declines to strike Defendants' answer and to enter a default judgment against them. The record reflects that Defendants' discovery noncompliance was substantially—if not wholly—the result of the inadequate performance of their former counsel and therefore not the product of Defendants' own willful misconduct. The Second Circuit has warned that imposing the ultimate sanctions of dismissing a plaintiff's complaint or entering a default judgment against a defendant are appropriate only "if the district court finds that the failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (internal quotation marks omitted); *see also Ayinola v. Lajaunie*, 855 F. App'x 30, 32–33 (2d Cir. 2021) (reiterating same standard and vacating district court's entry of default judgment against defendant whose discovery noncompliance was not attributable to "willfulness or bad faith").

3

Imposing sanctions on Defendants' former counsel, Mr. Reynolds, is the appropriate alternative. The Court has authority to sanction an attorney who has withdrawn from the case based on actions committed prior to the attorney's withdrawal. *See Xing v. Mayflower Int'l Hotel*, No. 18-cv-6616, 2022 WL 4654469, at *5 (E.D.N.Y. Sept. 30, 2022) (ordering plaintiffs' former counsel, pursuant to Rule 37, to pay costs associated with deposition that was cancelled before they withdrew as counsel); *see also Heaston v. City of New York*, No. 19-cv-5569, 2022 WL 2106267, at *8 (E.D.N.Y. June 10, 2022) (imposing sanctions under Rule 11 against attorney who had withdrawn from the case based on documents that he filed prior to his withdrawal).

The Court finds that imposing a sanction of $1,000 on Mr. Reynolds is appropriate. This sanction is far less than the amount Judge Tomlinson had warned Mr. Reynolds that he would be required to pay. As of the date Mr. Reynolds withdrew from the case, at which point Defendants still had not complied with their discovery obligations, his half share of Judge Tomlinson's threatened daily sanction would have been $69,125. *See* ECF No. 33 at 11 (stating that sanctions would begin to accrue on July 9, 2020); ECF No. 67 (granting motion to withdraw on January 12, 2022).

As explained in the Court's prior order, the sanctions about which Magistrate Judge Tomlinson warned Defendants and their counsel were coercive rather than compensatory because the daily fine she proposed was not "correlated with the loss incurred by" Plaintiff, the party harmed by Defendants' noncompliance. *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 658 (2d Cir. 2004). Accordingly, the sanction that the Court is now imposing on Mr. Reynolds is payable to the Clerk of Court rather than to Plaintiff. *See, e.g.*, *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-cv-3351, 2021 WL

3862054, at *5 (S.D.N.Y. Aug. 30, 2021) ("Any imposed coercive sanctions must be paid to the Clerk of Court and not to Plaintiff."); *Tacuri v. Nithun Constr. Co.*, No. 14-cv-2908, 2019 WL 6914042, at *3 (E.D.N.Y. Dec. 19, 2019) (imposing fine "of $100 per day" "to be paid to the Clerk of Court").

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion for sanctions to the extent that Plaintiff requested to strike Defendants' answer, to enter a default judgment, or to award monetary sanctions payable to Plaintiff. ECF No. 57. However, in light of Defendants' discovery noncompliance raised in Plaintiff's motion, the Court imposes on Defendants' former counsel a sanction of $1,000 pursuant to Rule 37 and the Court's inherent authority. Mr. Reynolds shall pay that amount to the Clerk of Court no later than January 31, 2023.

Defendants' current counsel is ordered to send a copy of this order to Mr. Reynolds by overnight delivery and email no later than January 18, 2023, and to file a letter with the Court confirming that he has done so. The Court intends to send a copy of this order to Mr. Reynolds by email, using the email address previously provided by Defendants' current counsel, which is also Mr. Reynolds's email address of record with the New York State Unified Court System.

SO ORDERED.

 */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       January 13, 2023

5