UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW FALLS CORPORATION, | **MEMORANDUM & ORDER** |
| Plaintiff, | 18-CV-02768 (HG) (LGD) |
| v. | |
| OM P. SONI, ANJALI SONI, and SUDERSHAN SETHI, | |
| Defendants. | |
| NEW FALLS CORPORATION, | |
| Plaintiff, | 19-CV-00449 (HG) (LGD) |
| v. | |
| SONI HOLDINGS, LLC, KUNAL SONI, ANJALI SONI, 632 MLK BLVD JR LLC, OM P. SONI, SONI CAPITAL RESOURCES, LLC, WEANONA HUGIE, and RICHARD SPEARS, | |
| Defendants. | |

**HECTOR GONZALEZ**, United States District Judge:

This order addresses multiple motions that have been filed in *New Falls Corporation v. Soni, et al.*, No. 18-cv-2768 (the "Fraudulent Conveyance Action") and *New Falls Corporation v. Soni Holdings, LLC, et al.*, No. 19-cv-449 (the "RICO Action"). Both lawsuits relate to a defaulted loan borrowed by Soni Holdings, LLC, and allegedly guaranteed by Om Soni. In the Fraudulent Conveyance action, Plaintiff alleges that Om Soni fraudulently conveyed his interest in his primary residence to his wife, Anjali Soni, in order to frustrate collection of his guaranty. In the RICO Action, Plaintiff alleges that Soni Holdings, Om Soni, and others made additional

fraudulent conveyances of other properties while the loan was in default to frustrate collection of both the loan and the guaranty.

For the reasons set forth below, the Court denies Plaintiff's objections to Magistrate Judge Dunst's discovery rulings in both the Fraudulent Conveyance Action and the RICO Action. The Court also denies Plaintiff's motion for reconsideration of the Court's prior order related to sanctions in the Fraudulent Conveyance Action, which declined to enter a default judgment against the Defendants in that lawsuit as a discovery sanction.

## LEGAL STANDARD

Rule 72(a) authorizes magistrate judges to decide non-dispositive pretrial matters such as discovery disputes. Fed. R. Civ. P. 72(a). If a party objects within 14 days to a magistrate judge's order on a non-dispositive matter, then the district judge must consider those objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* In this context, "[a]n order is clearly erroneous if, based on all the evidence, a reviewing court is left with the definite and firm conviction that a mistake has been committed," and "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Town of Oyster Bay*, No. 14-cv-2317, 2022 WL 4485154, at *2 (E.D.N.Y. Sept. 27, 2022).[1] This standard of review is "highly deferential" and affords magistrate judges "broad discretion in resolving discovery disputes." *Duffy v. Ill. Tool Works, Inc.*, No. 15-cv-7407, 2022 WL 1810732, at *1 (E.D.N.Y. June 2, 2022).

"A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

2

clear error or prevent manifest injustice. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).

## DISCUSSION

### I. Plaintiff's Discovery Objection in the Fraudulent Conveyance Action[2]

In the Fraudulent Conveyance Action, on May 29, 2020, Magistrate Judge Tomlinson, who previously presided over the case, ordered Defendant Anjali Soni to produce various documents. ECF No. 33. In connection with that document production, she also ordered Ms. Soni to provide an affidavit explaining:

> (1) the specific steps undertaken to collect the documents the Court has directed Anjali Soni to produce; (2) the specific individuals and entities to whom Anjali Soni and/or her counsel reached out to obtain the necessary responsive documents; (3) the specific dates when each of th[o]se contacts was made by Anjali Soni and/or her counsel; (4) the specific results obtained as a result of the contact, delineated by each individual and entity with whom Anjali Soni and/or her counsel communicated; and (5) to the extent there are any documents which Anjali Soni and/or her counsel were unable to obtain, a statement of the specific knowledge or understanding Anjali Soni has of the individual or entity who is in possession of such document.

*Id.* at 11–12. Due to the many delays in the lawsuit, Ms. Soni eventually provided an affidavit in March 2023 that described generally her efforts to produce documents in response to Plaintiff's requests but did not include the level of detail required by Judge Tomlinson's order. ECF No.

---

[2] All citations to the Court's Electronic Case Filing system in this section are citations to docket entries in the Fraudulent Conveyance Action, *New Falls Corporation v. Soni, et al.*, No. 18-cv-2768.

101. For example, Ms. Soni's affidavit did not describe all of the people whom she contacted during her attempts to acquire responsive documents and the dates that she contacted them. *Id.*

Judge Dunst ruled that Defendants had sufficiently complied with "the spirit of" Judge Tomlinson's order. ECF Order dated Apr. 17, 2023. He further ordered Defendants to complete their production of outstanding documents by May 24, 2023. *Id.* Plaintiff asserts that Judge Dunst's decision to accept anything less than complete compliance with Judge Tomlinson's prior order and his adjustment of Defendants' original deadline to produce documents improperly deviated from the law of the case established by Judge Tomlinson. *See* ECF No. 104-24 at 10–12.

Judge Tomlinson had also ruled, in her same order from May 2020, that Ms. Soni did not need to respond any further to one of Plaintiff's document requests (Request No. 18), which sought all documents in Ms. Soni's possession related to Defendants' affirmative defenses. ECF No. 33 at 10. Ms. Soni's response stated that she had no such documents because she was not responsible for maintaining the financial documents for the family's business. ECF No. 30-3 at 6. Judge Dunst's discovery ruling reiterated that Ms. Soni did not need to respond further to that request, contrary to Plaintiff's arguments that she should. ECF Order dated Apr. 17, 2023.

Judge Dunst's decisions on these discovery issues were neither clearly erroneous nor contrary to law. The law of the case doctrine does not prohibit a magistrate judge from changing discovery deadlines; Rule 16 expressly says that deadlines in a scheduling order may be modified whenever a judge finds "good cause." Fed. R. Civ. P. 16(b)(4). Additionally, Judge Dunst was entitled to credit Anjali Soni's representation that she had no documents responsive to Plaintiff's request—particularly since Defendants' affirmative defenses relate to whether Om Soni actually signed the guaranty at issue and whether Plaintiff is the true owner of the note

4

related to Soni Holdings' loan.  *See* ECF No. 8.  There is no reason to think that documents related to these topics would be within Anjali Soni's possession, as opposed to Om Soni's or Plaintiff's.  To the extent that Plaintiff asserts, separate from the discovery request to Anjali Soni, that Defendants are not complying with their obligations under Rule 26(a)(1) to disclose documents that they intend to use to support their affirmative defenses, Plaintiff has failed to demonstrate that Defendants are withholding any relevant documents.

Finally, Judge Dunst acted within his discretion in not requiring Anjali Soni to file another affidavit that provided all of the details required by Judge Tomlinson's order.  Even assuming that the law of the case doctrine applies to Judge Tomlinson's directive to submit an affidavit—despite the fact that her directive decided no issues of fact or law—the law of the case doctrine "does not rigidly bind a court to its former decisions." *Colvin v. Keen*, 900 F.3d 63, 68 (2d Cir. 2018).  Instead, it is "a discretionary rule of practice that generally does not limit a court's power to reconsider an issue." *Id.*

## II.  Plaintiff's Discovery Objection in the RICO Action[3]

In the RICO Action, Plaintiff's claims arise from the loan, described above, that Soni Holdings incurred in 2007 and the guaranty given by Om Soni at the same time.  ECF No. 26 ¶¶ 18–19.  Both of them have allegedly been in default on their payment obligations since 2014. *Id.* ¶ 24.  The collection of that guaranty is the subject of a yet a third lawsuit between the parties separate from the RICO Action and the Fraudulent Conveyance Action.  The RICO Action, on the other hand, is based on several fraudulent transfers and other alleged acts that occurred long after the debt was incurred, including the creation of an allegedly concealed bank account in

---

[3]  All citations to the Court's Electronic Case Filing system in this section are citations to docket entries in the RICO Action, *New Falls Corporation v. Soni Holdings, LLC, et al.*, No. 19-cv-449.

5

2012 and the transfers of properties in New Jersey and Florida in April and May of 2016, respectively. *Id.* ¶¶ 45, 68, 76.

When Magistrate Judge Tomlinson presided over the RICO Action, she limited the scope of Plaintiff's document requests to documents created on or after January 23, 2013, six years before the case was filed. ECF No. 132 at 12. She noted that such a discovery period would enable Plaintiff to seek documents created more than three years before the fraudulent conveyances that are the focus of the lawsuit. *Id.* Plaintiff requested that Judge Dunst reconsider that issue and permit Plaintiff to seek documents dating back to 2006, *see* ECF No. 193-1, but Judge Dunst denied that request, *see* ECF No. 207 at 2.

Judge Dunst and Judge Tomlinson were entirely reasonable in limiting discovery in that manner, and their decisions were neither clearly erroneous nor contrary to the proportionality requirements of Rule 26. Plaintiff's stated reason for needing discovery dating back to 2006 is that Soni Holdings applied for the loan that underlies all of the parties' disputes in 2006 and that Soni Holdings was formed in 2006. *See* ECF No. 193-1 at 2; ECF No. 210-13 at 8. But although the loan may be the genesis of the parties' disputes, Plaintiff's claims in the RICO action are for RICO violations, fraudulent conveyances, and tortious interference with contract. ECF No. 26 ¶¶ 93–156. None of these claims directly seek the repayment of the debt nor hinge upon whether Defendants made misleading representations at the time the debt was incurred. Accordingly, Judge Dunst and Judge Tomlinson reasonably determined that allowing discovery about the inception of the loan would require the parties and the Court to expend a disproportionate amount of effort addressing facts that are not directly relevant to Plaintiff's claims.

6

### III. Plaintiff's Motion for Reconsideration in the Fraudulent Conveyance Action[4]

Plaintiff previously moved for sanctions against Defendants in the Fraudulent Conveyance Action and sought a default judgment because of Defendants' significant delays in producing discovery. ECF No. 57. The Court awarded sanctions but instead of entering a default judgment, it imposed monetary sanctions on Defendants' former counsel. ECF No. 86. The Court reached that decision after reviewing the record and determining that significant doubt existed about whether Defendants were aware of Plaintiff's specific discovery requests and the deadline that Judge Tomlinson set for responding to those requests. *Id.* at 2. In fact, Defendants' former counsel admitted to Judge Tomlinson that he did not convey this information to his clients, *see* ECF No. 42 at 3–4, and Om Soni asserted the same in an affidavit that he filed in opposition to Plaintiff's motion for sanctions, *see* ECF No. 77

Plaintiff has not met its burden of demonstrating that the Court should reconsider its prior decision on sanctions. Plaintiff asserts that the Court overlooked another affidavit filed by Om Soni in connection with a motion by Defendants' prior attorney to withdraw from the case, in which Mr. Soni stated that the attorney had "advised [Defendants] that a telephonic hearing took place before Magistrate [Judge] Tomlinson [on] Friday October 16, 2020[,] concerning discovery deadlines and [the attorney's] withdrawing representation [for] medical reasons." ECF No. 41 ¶ 5. Plaintiff also asserts that the Court overlooked controlling law established by the Supreme Court in *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962), and *Smith v. Ayer*, 101 U.S. 320 (1879), which discuss the uncontroversial principle that clients are generally bound by the actions of their attorneys.

---

[4] All citations to the Court's Electronic Case Filing system in this section are citations to docket entries in the Fraudulent Conveyance Action, *New Falls Corporation v. Soni, et al.*, No. 18-cv-2768.

Plaintiff has failed to identify a fact that the Court overlooked. The fact that Om Soni was aware that his attorney had attended a conference related to discovery deadlines is not inconsistent with Mr. Soni's assertion that his attorney did not convey those specific deadlines to him or explain the nature of Plaintiff's discovery requests. Any apparent inconsistency is eliminated by the frank admission by Defendants' former attorney that he was not keeping his clients apprised of those details. *See* ECF No. 42 at 3–4

Plaintiff has also failed to identify controlling law that the Court overlooked. The Second Circuit has explained that although parties are generally held responsible for the actions of their attorneys, in the context of deciding whether to award a default judgment, an attorney's delays will not automatically be held against the client. *See SEC v. McNulty*, 137 F.3d 732, 739–40 (2d Cir. 1998). Instead, whether to grant a default judgment will depend on the party's diligence in monitoring his or her counsel. *Id.* In reaching this decision, the Second Circuit acknowledged the Supreme Court's decision in *Link*, on which Plaintiff relies, so assessing a party's diligence, separate from the behavior of the party's attorney, is consistent with *Link*. *Id.* at 739. In this case, the very evidence that Plaintiff identifies as supposedly overlooked facts demonstrates that Defendants were receiving periodic updates from their former counsel but that he was not conveying all necessary information to them. Under these circumstances, imputing to Defendants the misconduct of their former attorney and imposing the severe sanction of a default judgment is not appropriate.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's objection to Judge Dunst's discovery order in the RICO Action. *See New Falls Corporation v. Soni Holdings, LLC, et al.*, No. 19-cv-449 (ECF No. 210). In the Fraudulent Conveyance Action, the Court DENIES

Plaintiff's objection to Judge Dunst's discovery order and DENIES Plaintiff's motion for reconsideration of the Court's prior order related to sanctions. *See New Falls Corporation v. Soni, et al.*, No. 18-cv-2768 (ECF Nos. 91, 104).

    SO ORDERED.

*/s/ Hector Gonzalez*  
HECTOR GONZALEZ  
United States District Judge

Dated: Brooklyn, New York  
       June 8, 2023